OPINION MuRdock, Judge; “Capital asset” does not include “property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business.” The sale here to the Colorado State Highway Department was made by agreement dated July 25,1961, after notice from that purchaser on April 7,1961, “that condemnation proceedings would be instituted to take a portion of the land * * * by eminent domain for use as an arterial highway.” That notice referred to the land here involved later sold to the highway department. This was not a sale “in the ordinary course” of the petitioner’s business. The property had been held up to April 7, 1961, by the taxpayer primarily for sale to customers in the ordinary course of its business but after the condemnation notice this property was no longer held by the petitioner primarily for sale to customers in the ordinary course of its business. It then ceased to be held for any such purpose because thereafter it would either have to be sold to or taken by eminent domain by the Colorado State Highway Department for building the highway. The plan of -the petitioner had been to improve the vacant land, of which this was a part, with streets, sidewalks, etc., build houses on all or most of it, and sell the resulting houses and lots to customers in the ordinary course of its business. That plan had to be abandoned when the condemnation notice was received. Cf. Charles E. Mieg, 32 T.C. 1314; Eline Realty Co., 35 T.C. 1. The petitioner had done nothing to the land up to that time or to the sale to the highway department and it made no improvements to the remaining land until much later. The petitioner did not seek the sale to the highway department. The property sold to the highway department was a capital asset at the time of its sale. Decision will he entered under Rule 50.